IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PLAINTIFF NO. 1, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 23-806C |
| UNITED STATES OF AMERICA, | ) Judge Campbell-Smith |
| Defendant. | ) |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.  The allegations contained in paragraph 1 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent it may deemed to contain factual allegations, they are denied.

2.  Admits the allegations contained in the first and third sentences of paragraph 2. Admits that the Forensic Child Interview Specialists were previously classified as FLSA non-exempt; otherwise denies the allegations contained in the second sentence of paragraph 2.

3.  The allegations contained in paragraph 3 constitute conclusions of law and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed to contain factual allegations, they are denied.

4.  Denies the allegations contained in sentences one, two, and three of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in sentence four of paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed factual allegations, they are denied.

5.  Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6.      Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.      Admits the allegations contained in the first sentence of paragraph 7 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies including denying that any FBI policy was the causal factor in any plaintiffs' forfeiture of annual leave.  Denies the allegations contained in the second sentence of paragraph 7.  Admits that the FBI has a policy that compensatory time must be used before annual leave; otherwise denies the allegations contained in the second sentence of paragraph 7.  Defendant denies the allegations contained in the third sentence of paragraph 7.

8.      The allegations contained in paragraph 8 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed factual allegations, they are denied.

9.      Denies the allegations contained in sentence one of paragraph 9.  Admits the allegations contained in sentence two of paragraph 9.   Admits the allegations contained in the third and fourth sentences of paragraph 9 to the extent supported by the Exhibits cited, which are the best evidence of their contents; otherwise denies.

10.     The allegations contained in paragraph 10 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise denies.

11.     Denies the allegations contained in sentences one and two of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained

in the third sentence of paragraph 11 are plaintiffs' characterization of their case to which no response is required.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no response is required; to the extent they may be deemed as allegations of fact, they are admitted to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to

the extent supported by the statutes and regulations cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 18.

19.     The allegations contained in paragraph 19 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 19.

20.     The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the regulation cited, which is the best evidence of its content; otherwise, denies the allegations contained in paragraph 20.

21.     The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statute cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 21.

22.     Admits the allegations contained in the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22.

23.     Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24.     Denies the allegations in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.     Denies the allegations concerning when plaintiffs became aware that they could obtain overtime pay for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 25 to the extent

supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 25.

26. Admits plaintiffs' job duties may include writing reports and engaging in travel; the remaining allegations contained in paragraph 26 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. Denies the allegations contained in paragraph 27 concerning plaintiffs' beliefs for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies.

29. Admits plaintiffs respond to phone calls, emails, or text messages outside of regularly working hours; otherwise denies the allegations contained in paragraph 29.

30. Denies the allegations in in sentence one of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 30.

31. Admits that plaintiffs respond to emails, phone calls, and text messages after regular hours. The allegations in sentence two of paragraph 31 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. Admits that the pay period ends on Saturdays; otherwise denies the allegations contained in paragraph 33.

34. Denies the allegations contained in the first sentences of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 34.

35. Admits there was a process for employees to later correct their timecards to add in the extra hours. Denies the allegations contained in the second sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 35.

36. Admits that the FBI has a policy that compensatory time must be used before annual leave, and that unused compensatory time after 26 pay periods is to be paid to the employee; otherwise denies the allegations contained in paragraph 36, including denying that any FBI policy was the causal factor in any plaintiffs' forfeiture of leave.

37. The allegations contained in paragraph 37 are denied as a conclusion of law to which no response is required; to the extent they are deemed to contain allegations of fact, they are denied, including denying that any FBI policy was the causal factor in any plaintiffs' forfeiture of leave.

38. Defendant's responses to paragraphs 1 through 37 of the complaint are incorporated by reference.

39. The allegations contained in paragraph 39 constitute plaintiffs' characterization of their case and conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

41. Defendant's responses to paragraphs 1 through 40 of the complaint are incorporated by reference.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied, including denying that any FBI policy was the causal factor in any plaintiffs' forfeiture of annual leave.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied, including denying that any FBI policy was the causal factor in any plaintiffs' forfeiture of annual leave.

44. Denies the allegations contained in the first sentence of paragraph 44. The remainder of the allegations contained in paragraph 44 constitute conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent they are deemed allegations of fact, they are denied, including denying that any FBI policy was the causal factor in any plaintiffs' forfeiture of annual leave.

45. Defendant's responses to paragraphs 1 through 44 of the complaint are incorporated by reference.

46. The allegations contained in paragraph 46 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

48. Defendant denies each and every allegation not previously admitted or otherwise qualified.

49. Defendant denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 47 of the complaint, or to any relief whatsoever.

## **AFFIRMATIVE DEFENSE**

1.　At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

s/ Daniel A. Hoffman
DANIEL A. HOFFMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 598-5816
E-mail Daniel.A.Hoffman@usdoj.gov

August 31, 2023　　　　　　　　　　　Attorneys for Defendant